## Commonwealth ex rel. Attorney General, Appellant, v. Union Pass. Ry. et al.

*Street railways—Location—Act of Nov.* 22, 1873—*Quo warranto.*

The act of Nov. 22, 1873, P. L. of 1874, 444, authorized the Union Passenger Railway Company to extend its routes on certain specified streets in the city of Philadelphia " and on such other street or streets south of Christian street west of Twentieth street north of Columbia avenue and east of Third street as councils of the city of Philadelphia may from time to time permit or authorize to be used by said company with single or double tracks." Two of these streets,—Christian in the southerly and Columbia avenue in the northerly section of the city,—run nearly east and west, and both are crossed at right angles by the other two,—Third and Twentieth streets,—while York street is north of and parallel with Columbia avenue. *Held,* that the street railway company, councils consenting, had a right to occupy York street between Fourth and Twentieth streets, and that the company was not limited by its charter merely to those streets within the lines of the southwesterly angle formed by the intersection and extension of the lines of Christian and Twentieth streets, and of the northeasterly angle formed by the intersection and extension of the lines of Third street and Columbia avenue.

Argued May 31, 1894. Appeal, No. 20, May T., 1894, by plaintiff, from order of C. P. Dauphin Co., June T., 1893, No. 732, entering judgment for defendant on quo warranto. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Quo warranto to restrain defendants from occupying York street in the city of Philadelphia from Fourth to Twentieth streets.

The case was tried by the court without a jury under the act of April 22, 1874.

The following opinion was filed by SIMONTON, P. J.:

" This case originated in a writ of quo warranto, issued on the suggestion of the attorney general, requiring the respondents to show by what authority they exercise the right to construct and operate a railway track on York street between Fourth and Twentieth streets, in the city of Philadelphia, and why they should not be ousted and altogether excluded from said street. A joint and several answer was filed by the re-

spondents, and the case was tried by the court without a jury. From the suggestion, answer, and evidence produced on the trial, we find the facts to be as follows:

"1. The Union Passenger Railway Company of Philadelphia, one of the respondents, was incorporated by an act of assembly approved April 8, 1864,. for the purpose of constructing and operating a street passenger railway on certain streets in the city of Philadelphia designated in said act; and it has been authorized by several subsequent acts of assembly to extend its track on certain other streets in said city. These several acts are quoted and annexed to respondents' answer, and are hereby referred to and made part of this finding.

"2. The Philadelphia Traction Company, the other respondent, was incorporated by an act of assembly approved June 13, 1883; but it subsequently surrendered its charter and procured letters patent under the act of March 20, 1887, by which all its contracts theretofore entered into were ratified and confirmed; and in 1883 it entered into a contract with the Union Passenger Railway Company, under which it has since operated the lines of said company.

"3. One of the acts of assembly above referred to, which was approved Nov. 22, 1873, conferred upon said Union Passenger Railway Company the following powers and authority: , 'To extend their routes and lay tracks on Ellsworth street from Twenty-second street to Twenty-fifth street, on Twenty-fifth street from Ellsworth street to Christian street, on Christian street from Twenty-fifth street to Twenty-second street, on Seventh street from Oxford street to Columbia avenue, on Jefferson street from Seventh street to Thirty-first street, all in the city of Philadelphia; and on such other street or streets south of Christian street west of Twentieth street north of Columbia avenue and east of Third street as the councils of the city of Philadelphia may from time to time permit or authorize to be used by said company with single or double tracks.' In conformity with said act of assembly the councils of the city of Philadelphia passed an ordinance, approved by the mayor October 28, 1890, permitting and authorizing the said company to lay a single track on York street (which runs parallel to and north of Columbia avenue), between Fourth and Twentieth streets.

"4. Before the passage of said ordinance, the respondents had actual notice from The Citizens' Fairmount Park Street Railway Company, which was incorporated May 24, 1889, under the street railway act of May 14, 1889, that it claimed the right to occupy said York street and denied respondents' right to lay a track thereon. Respondents disregarded said notice, and proceeded to construct and operate a railway track on said street, in accordance with the permission granted to them by councils as above stated, and they claim the right to use and occupy York street and to operate a street railway thereon, under said act of November 22, 1873, and said ordinance of October 28, 1890.

"5. Attached to the suggestion on behalf of the commonwealth, and on file, and hereby referred to and made part of this finding, is a map of the city of Philadelphia, which shows in dark lines all the streets of said city, which were specifically to be occupied by said Union Passenger Railway Company, under the acts hereinabove referred to; and attached to respondents' answer, and on file, and hereby referred to and made part of this finding, is a map which shows in heavy lines the railway tracks constructed by said Union Passenger Railway Company, under the several acts of assembly hereinabove referred to, including the act of Nov. 22, 1873; and in light lines the tracks laid since that date, under the authority and permission of ordinances of councils of the city of Philadelphia.

"It is contended on behalf of the Commonwealth, and evidence was introduced at the trial intended to prove, that prior to the passage of the act of Nov. 22, 1873, the principal lines of railway of the respondents extended in a northeastern and southwestern direction across the city of Philadelphia, and that said act was 'intended only to authorize the said Union Passenger Railway Company to extend the northeastern and southwestern termini of its Richmond branch further into said two quarters of the city of Philadelphia, one of which was north of Columbia avenue and east of Third street, and the other of which was south of Christian and west of Twentieth streets, to enable said company to extend its railway in these directions as the city grew, and the public necessity required;' but we cannot find from the evidence that such is the fact, and we refer to the map annexed to the answer of respondents, and find

that its lines of railway were as therein stated; and we also find the facts, as to the streets occupied by respondents' tracks, to be as stated in paragraphs six and seven of respondents' answer. We also find the facts to be as stated in the agreement of counsel filed with the testimony, and that the ordinances of councils, therein quoted, were passed and approved as therein stated, all of which are made part of this finding.

" The controversy in this case lies within a very narrow compass. The commonwealth challenges the right of the Union Passenger Railway Company, one of the respondents, and its lessee, The Philadelphia Traction Company, the other respondent, to lay and operate a street railway track on York street from Fourth street to Twentieth street, and respondents claim the right so to do by virtue of the act of Nov. 22, 1873, and the ordinance of councils of the city of Philadelphia, approved by the mayor, Oct. 28, 1890. Respondents are authorized by said act to extend their routes on certain streets named therein, ' and on such other street or streets south of Christian street west of Twentieth street north of Columbia avenue and east of Third street as the councils of the city of Philadelphia may from time to time permit or authorize.' It is contended on behalf of the commonwealth that this language must be so construed as to permit tracks to be laid only on such street or streets as are at the same time south of Christian street and west of Twentieth street, or as are at the same time north of Columbia avenue and east of Third street, while respondents contend that they are authorized by the act to lay their tracks on any street or streets south of Christian street, north of Columbia avenue, west of Twentieth street, and east of Third street.

" There is nothing so difficult to prove as a self-evident proposition, and however much it may be the duty of the court to give the reasons on which its judgment is founded, so as at least to show the course of thought, whether logical or otherwise, which has led to the conclusion announced, cases sometimes occur in which all that can be satisfactorily done is to render a decision ; and this, in our opinion, is such a case.

" It is conceded by counsel for the commonwealth that the extent of respondents' rights depend on the interpretation to be given to the language of the act of Nov. 22, 1873, above

cited, and they ask us to find its meaning doubtful and ambiguous, and then to apply the well-settled principle that ' When the charter of a railway company, or the grant of a franchise in any other form, admits of a reasonable doubt, it will be solved in favor of the public against the grantees, who will take nothing that is not given expressly, or by implication equally plain with the words:' 2 Hare's Const. Law, 660. We should not hesitate to apply this principle if we could find the language of the act to be ambiguous or of doubtful import, but after the most careful consideration we are unable to doubt its meaning. Counsel suggest that there are three possible interpretations of the clause in question, which are thus stated in their brief: 'It might be said that the grant authorizes the occupation only of such streets as comply with all the terms of the description; that is to say, it authorizes occupation only of some street which would be south of Christian and also north of Columbia avenue, and west of Twentieth and also east of Third street.'

" Another interpretation is that the grant confers authority on the railway company to lay its tracks on any street which lies south of Christian street, running east and west indefinitely, or any street or streets which lie west of Twentieth street, running north and south indefinitely, or on any streets which lie north of Columbia avenue running east and west indefinitely, or on any streets which lie east of Third street, running north and south indefinitely.

" The third possible construction is to read the clause in this way: ' On such other street or streets south of Christian street and west of Twentieth street and north of Columbia avenue and east of Third street, as the councils of the city of Philadelphia may from time to time permit or authorize.'

" Counsel discard the first of these interpretations because it would be insensible when applied to the subject-matter, for, as is said in the brief, ' It is obvious that there is no street in the city of Philadelphia which fulfills these conditions.' And they contend for the third construction suggested; but, so far as we can see, the only thing which makes it possible is that it can be applied to the subject-matter. And we fail to find any stopping place, either grammatical or logical, between the second construction suggested in the brief, which is the one contended

for by the respondents, and the construction discarded by counsel for the commonwealth.

"We are unable to understand why, if we do not take south, west, north and east separately, they are to be bracketed two and two. Counsel say in their brief: 'If reference is made to A, B, C and D, what is meant is A and B and C and D.' True; but this does not mean (A—B), and (C—D); it means either (A), and (B), and (C), and (D), or it means (A—B—C—D).

"So when the act says south, west, north and east, it must mean either (south—west—north—east), or (south), (west), (north) and (east); but it certainly does not mean (southwest) and (northeast).

"As we have said, nothing is so difficult to prove as that which is self-evident; and we know of no way in which the clause in question could more clearly express the sense which respondents claim and in which we understand it, except by changing the order of the points of the compass, as for instance: South of Christian street, north of Columbia avenue, west of Twentieth street, and east of Third street. This leaves the grammatical construction precisely as before, and yet no one would contend that it does not clearly express that respondents could occupy any of the streets outside of the region bounded by the four streets named. This shows that the language is not ambiguous, and that the interpretation suggested on behalf of the commonwealth is made possible only by the fact that the points of the compass were named in their natural order.

"We have no doubt that, within proper limits, the facts as they existed when the act of 1873 was passed, may be looked at in aid of its proper interpretation; but we discover nothing in the status, shown by the evidence and exhibits, to suggest that the language of the act is ambiguous, or to affect its natural interpretation. The theory of a diagonal extension of the respondents' lines northeast and southwest is not borne out by the facts shown on the maps, and in the testimony.

"We do not think the act of Nov. 22, 1873, is obnoxious to the objection interposed on behalf of the commonwealth that, contrary to one of the settled maxims of constitutional law, it delegates the power to make laws to the councils of the city of Philadelphia. The act is complete in itself, and does not

derive its existence or its force from the action of councils. The right of the respondents to avail themselves of the privileges conferred by the act is simply made subject to the right of councils to control the use and occupation of the public streets within the city.

" Several points have been presented on behalf of the commonwealth, each of which is hereby severally refused; and in addition to declining these points, our conclusions are as follows: (1) That the act of Nov. 22, 1873, authorizes and empowers The Union Passenger Railway Company, subject to the consent of the councils of the city of Philadelphia, to lay down and operate railway tracks on York street, from Fourth street to· Twentieth street, in the city of Philadelphia. (2) That judgment must be entered in favor of respondents.

" Judgment is therefore directed to be entered in favor of respondents if exceptions be not filed, etc."

Exceptions filed by plaintiff were overruled.

*Error assigned* was inter alia entry of judgment.

*John H. Sloan* and *Geo. Tucker Bispham, Wm. U. Hensel,* attorney general, and *Wm. Henry Lex* with them, for appellant, cited: Gyger's Est., 65 Pa. 312; 1 Bl. Com., 88, note No. 29; 2 Hare's Const. Law, 660; Stormfeltz v. Turnpike Co., 13 Pa. 555; Phila. v. Ry., 151 Pa. 128; Act of March 16, 1865, P. L. 394; May 14, 1889, P. L. 211; Endlich, Stat. §§ 40, 354; United States v. Crawford, 6 Mackey (D. C.) 319; Griffin's Case, Chase's Dec. 364; Packer v. Ry., 19 Pa. 211; Junction Pass. Ry. v. Williamsport Pass. Ry., 154 Pa. 116; Cooley, Const. Lim. *116, 117; Mercer v. Ry., 36 Pa. 99; Locke's Ap., 72 Pa. 491; Attorney General v. R. R.; 10 Phila. 353.

*John G. Johnson* and *David W. Sellers, M. E. Olmsted* and *Rufus E. Shapley* with them, for appellee, cited: Com. v. R. R., 37 Leg. Int. 407; Jamison v. Collins, 83 Pa. 359; Lee v. Keys, 88 Pa. 177; Brown, Early & Co. v. Susquehanna Boom Co., 109 Pa. 70; Gonser v. Smith, 115 Pa. 459; R. R. v. Moyer, 125 Pa. 509; Musser v. Ry., 5 Clark, 466; Volmer's Ap., 115 Pa. 166; Sunderland, Stat. Constr. § 348; Junction Pass Ry. v. Williamsport Pass. Ry., 154 Pa. 116; Com. v. Turnpike Co., 153 Pa. 57.

PER CURIAM, July 11, 1894:

This proceeding by quo warranto challenges the right of the defendants or either of them to construct and operate a street railway on York street from Fourth street to Twentieth street in the city of Philadelphia. To the joint and several answers of the defendants, a general replication was filed by the commonwealth; and the parties having agreed to dispense with trial by jury under the provisions of the act of 1874, the learned court received the evidence, found the facts and drew therefrom the following conclusions of law:

(1) That the act of November 22, 1873, authorizes the Union Passenger Railway Company, subject to the consent of councils, to lay and operate railway tracks on York street between Fourth street and Twentieth street in said city; and

(2) That judgment should be entered in favor of the defendants.

The facts so found, together with a full consideration of the questions involved and leading up to these conclusions, are all clearly and concisely stated in the opinion of the learned judge of the court below. As will be seen therein, the defendants base their right, to construct and operate the railway in question, upon said act of November 23, 1873, and the ordinance approved October 28, 1890. In addition to the powers theretofore granted to said Union Passenger Railway Co., the first section of said act authorizes it to extend its routes on certain specified streets in said city, " and such other street or streets south of Christian street west of Twentieth street north of Columbia avenue and east of Third street as the councils . . . . may from time to time permit or authorize to be used by said company with single or double tracks."

Two of said streets,—Christian in the southerly and Columbia avenue in the northerly section of the city,—run nearly east and west, and both are crossed at right angles by the other two,—Third and Twentieth streets—while York street, the locus quo, is north of and parallel with Columbia avenue.

The commonwealth's contention is that the clause above quoted was not intended to embrace any street other than those streets and parts of streets within the lines of the southwesterly angle formed by the intersection and extension of the lines of Christian and Twentieth streets, and also those within

the lines of the northeasterly angle formed by the intersection and extension of the lines of Third street and Columbia avenue. If the clause had been so worded as to read " South of Christian street and west of Twentieth street, north of Columbia avenue and east of Third street," there would be some ground for holding that streets and parts of streets, not within the lines of one or the other of said angles, were intended to be excluded ; but there is nothing in the act itself or in its title, or dehors both, to justify any other construction than that given by the court below. Everything that is necessary to be said on the subject will be found in the clear, concise and exhaustive opinion of its learned president; and on it we affirm the judgment.

Judgment affirmed.